Cross *v.* Sweeney.

## JESSE CROSS *v.* JAMES SWEENEY *et al.*

COUNTY LINE. *Establishment by commissioners.* The correctness of the action of commissioners to "re-survey and establish the line between two counties," cannot be impeached in a private suit to which the counties are not parties. And, it seems, such action is conclusive upon the owners of wild land bounded upon such line.

### FROM SULLIVAN.

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

44—VOL. 9.

---

Cross *v.* Sweeney.

---

W. V. DEADERICK for complainant.

C. J. ST. JOHN and H. M. FOLSOM for respondents.

FREEMAN, J., delivered the opinion of the court.

Complainant and defendant own tracts of land, the former in Sullivan, the latter in Carter counties. Both titles in their deeds call for the line between the counties of Carter and Sullivan, and to run with said line. The lands are mountain lands and unimproved. Complainant had cut and prepared a lot of cross-ties on what he assumed was his land.

The Legislature of 1871, authorized certain commissioners to "re-survey and establish" the line between the two counties—which they did, and filed their report as required by the statute. It turns out that the cross-ties were on the Carter county side of this line, and have been appropriated by defendant as his property.

This bill is filed attacking the correctness of the action of the commissioners, and insisting they did not correctly establish the line.

We take it to be too clear for argument, that this cannot be done in a private suit between individuals, as is here presented. We cannot undertake to settle the correctness of the action of the commissioners acting under authority of an act of the Legislature, incidentally, while the real parties concerned, to-wit, the two counties, are not before the court.

The chancellor so held, and we affirm his decree with costs.